# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C. f/d/b/a/ LIVING ESSENTIALS,

    Plaintiff,

v.

NUTRITION SCIENCE LABORATORIES, LLC, et al.,

    Defendants.

Case No. 16-11179
Hon. Terrence G. Berg

## ORDER VACATING ORDER TO SHOW CAUSE, RECONSIDERING PREVIOUS ORDER DISMISSING CLAIMS, ENTERING SUMMARY JUDGMENT FOR DEFENDANTS ON CERTAIN CLAIMS, AND MAINTAINING THE STAY

For the past five years, Plaintiff Living Essentials and Defendant Nutrition Science Laboratories have been embroiled in a predecessor lawsuit—Case No. 12-13850—in which they have sought at every stage to stretch out the length and inflate the cost of the litigation to cause as much damage as possible to one another in pursuit of their respective business goals. So prolix and profligate have they been in filing motions in that case that the Court was required to order the parties to obtain leave of court before filing any additional motions.

This lawsuit is an example of Plaintiff's continuing efforts to secure all possible avenues of inflicting harm on the opposing party, even when the Court's rulings foreclosed some of those avenues. On January 26, 2015, during a deposition conducted as part of the previous case, Plaintiff took the testimony of Mr. Don Lovelace. Mr. Lovelace owns Defendant NSL, Lily of the Desert (L.O.T.D.), Inc., and L.O.T.D.

Group, Ltd. (the Court will refer to the L.O.T.D. entities together as "Lily."). At the deposition, Plaintiff learned that NSL had ceased operations in 2014 and that Lily had taken over. Case No. 12-13850, Dkt. 225, Pg. ID 9448. Based on that evidence, Plaintiff sought to add claims against Lily as the alter ego of NSL and to sue both NSL and Lily for a fraudulent transfer of assets. Case No. 12-13850, Dkt. 224. But rather than seeking to add those claims shortly after discovering them, Plaintiff waited to file its motion to amend until after the Court entered summary judgment for Defendant NSL on Counts IV and VI and denied Plaintiff's motion for reconsideration—eight months after deposing Lovelace. The amendment to the complaint would have added new parties and a new slew of claims. The Court denied Plaintiff's motion, so Plaintiff filed a separate lawsuit.

That separate lawsuit became this case. Here, Plaintiff has asserted many of the same claims against the same party (NSL) that it brought in Case No. 12-13850—including claims it lost on summary judgment in that case—but has also added the claims and parties it unsuccessfully sought to add in the previous case. In its opposition to Defendants' motions to dismiss, and at oral argument, Plaintiff offered the rationale that it needed to re-raise these same claims to preserve its appellate rights. When pressed at oral argument on why Plaintiff could not simply appeal the Court's summary judgment order in Case No. 12-13850, Plaintiff could not articulate any other justification for having filed a lawsuit that is nearly identical to Case No. 12-13850. So at the hearing on Defendants' motions to dismiss, the Court dismissed the duplicative claims (Counts I-VI) and ordered Plaintiff to show cause

why the Court should not sanction Plaintiff under Rule 11 for including those claims in its complaint. Dkt. 25, Pg. ID 1040.

Plaintiff retained separate counsel to respond to the Court's show-cause order. Dkts. 27, 28. With Plaintiff's response came—for the first time—a specific, more nuanced explanation of why Plaintiff filed the duplicate claims. Plaintiff sought to file new claims against NSL and Lily for fraudulent transfer. When filing such a claim against Lily, Plaintiff was required to bring all claims it had against Lily that arose from the same transaction or occurrence, including the alter ego claims. Dkt. 29, Pg. ID 1065. Under Michigan law, however, there is no independent cause of action for alter ego; a plaintiff must allege the who, what, where, and when of the underlying claim. Dkt. 29, Pg. ID 1066. In other words, Plaintiff needed to include the duplicate claims against both NSL and Lily in order to hold Lily accountable as an alter ego of NSL. Although Plaintiff might have been able to do that in the original lawsuit (assuming it was successful against NSL but could not collect), if Plaintiff did not bring the claims of alter ego when it brought the claims of fraudulent transfer, Plaintiff would have waived the alter ego claims. So, the argument goes, Plaintiff had to bring the duplicate claims in this lawsuit, and had to name NSL to allow NSL to defend against those allegations; Plaintiff couldn't just sue Lily on an alter ego theory for actions NSL took, NSL needed to be in the case to defend against Plaintiff's allegations. Dkt. 29, Pg. ID 1071.

Upon reviewing Plaintiff's explanation, the Court concludes that Plaintiff had a good-faith basis under the law to file the lawsuit the way it did. But Plaintiff was not

justified in forcing Defendants to spend time, effort, and money to defend against claims upon which the Court had already entered summary judgment for NSL in Case No. 12-13850. Plaintiff could have accomplished its goal of preserving its claims and appellate rights by filing these claims in the new lawsuit, but then stipulating to the entry of summary judgment in favor of Defendants on those same counts on which NSL had already secured summary judgment Case No. 12-13850: Counts II and IV of this Complaint (which correspond to Counts IV and VI in Case No. 12-13850). Plaintiff also could have then stipulated to stay the remaining duplicate claims until the conclusion of Case No. 12-13850. Instead, Plaintiff forced Defendants to expend the resources necessary to file a motion to dismiss those duplicative claims.

Although this kind of conduct raises issues under both Rule 11 and 28 U.S.C. § 1927, the Court will not entertain imposing sanctions because Plaintiff was not ordered to show cause on the theory that it needlessly and vexatiously forced Defendant to move to dismiss claims upon which Plaintiff should have stipulated either to a stay or an entry of summary judgment. Treating opposing counsel as respected fellow professionals rather than the enemy, and considering common sense and fairness rather the punishing the opponent, would have avoided this entire issue. The Court, for what seems like the hundredth time, admonishes counsel on both sides to stop the gamesmanship and devote themselves to litigating this matter efficiently and with integrity. The parties are on notice of their obligations and the Court's intention to strictly enforce Rule 11's and 28 U.S.C. § 1927's prohibitions against tactics intended to harass and impose needless litigation costs.

The Court therefore **VACATES** its show cause order, **RECONSIDERS** its order dismissing Counts I-VI, **REVIVES** Counts I-VI, **ENTERS SUMMARY JUDGMENT** for Defendants on Counts II and IV, and **MAINTAINS THE STAY** of all remaining Counts in this case until the resolution of Case No. 12-13850.

**SO ORDERED.**

Dated:  February 28, 2017                s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on February 28, 2017, using the CM/ECF system, which will send notification to all parties.

                                         s/A. Chubb
                                         Case Manager