# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

    Plaintiff,

v.

NUTRITION SCIENCE LABORATORIES, LLC, L.O.D.C. Group, Ltd, and L.O.D.C., Inc.

    Defendants.

Case No. 16-11179
Hon. Terrence G. Berg

## ORDER PROPOSING COURSE OF CASE MANAGEMENT AND REQUIRING BRIEFING IN VIEW OF RESOLUTION OF CASE NO. 12-13850

This case is a spin-off of *Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC, Nutrition Science Laboratories, LLC, and Alan Jones*, Case No. 12-13850. This case contains claims that are virtually identical in many respects to the claims in Case No. 12-13850. The Parties in Case No. 12-13850 recently submitted a stipulated judgment, which the Court has entered, that resolved the case for purposes of appeal only.

In view of the Parties' resolution of Case No. 12-13850, and considering the similarity and overlap between the resolved claims in that case and the claims in this case, the Court hereby **ORDERS**

the Parties to submit briefing that outlines the Parties' views on the impact on this case (No. 16-11179) of the resolution of Case No. 12-13850, and that addresses the case-management course proposed in this Order.

In this lawsuit, Plaintiff has asserted 10 causes of action against Defendants:

    I.    Breach of Contract (Breach of Covenant Not to Use Prohibited Ingredients)
    II.    Other Breaches of the Contract by NSL (including alter egos LD Operating and LD Inc.)
    III.    Breach of Contract by NSL (including alter egos LD Operating and LD Inc.)
    IV.    Breach of Contract by NSL (including alter egos LD Operating and LD Inc.) (Third Party Beneficiary)
    V.    Tortious Interference with Contract by NSL (including alter egos LD Operating and LD Inc.)
    VI.    Tortious Interference with Business Expectancy by NSL (including alter egos LD Operating and LD Inc.)
    VII.    Tortious Interference with Contract by LD Operating and/or LD Inc.
    VIII.    Tortious Interference with Business Expectancy by LD Operating and/or LD Inc.
    IX.    Fraudulent Transfer Under the Texas or Michigan Uniform Fraudulent Transfer Acts as to NSL, LD Operating and LD Inc.
    X.    Civil Conspiracy as to All Defendants

Counts I-VI in this case are virtually identical to Counts I and IV-VIII in Case No. 12-13850, but in this case the claims are asserted against both NSL *and* the LD entities (as the alter egos of NSL), whereas in Case No. 12-13850 Plaintiff asserted the causes of action *only* against NSL. In Case No. 12-13850, the Court entered judgment in favor of NSL on Counts IV-VIII. For consistency, the Parties may wish to stipulate to the entry of judgment in Defendants' favor on Counts II-VI.

As to Count I, in Case No. 12-13850 the Parties stipulated to an entry of judgment in Plaintiff's favor. But the Court has ruled in that case that the contractual provision at issue in Count I had only a three-year duration. Consequently, this provision ceased to bind NSL in 2012: two years before the LD entities were created. In view of the legal effect of this ruling, the Parties may wish to stipulate to the entry of judgment in favor of the LD entities on Count I because—even if the LD entities were found to be alter egos of NSL—they could not have been bound by the contract between NSL and Plaintiff. And, given the judgment in favor of Plaintiff and against NSL in Case No. 12-13850, the Parties may wish to stipulate to the entry of the same judgment in this case.

As for Counts VII and VIII in this case (tortious interference with contract and with business expectancy), given the Court's ruling in Case No. 12-13850 regarding the duration of the "choline family"

restriction, the Parties may wish to stipulate to the entry of judgment in favor of the LD entities because, by the time the LD entities were in existence, the contract had expired, meaning Plaintiff no longer had any contract or business expectancy with which the LD entities could interfere.

As for Count IX, which alleges a fraudulent transfer of assets between NSL and the LD entities, the Parties may wish to stipulate to the dismissal of this claim without prejudice because, in Case No. 12-13850, Plaintiff stipulated to a judgment that awarded only nominal damages of $1 (and thus did not award any actual damages). Unless the Sixth Circuit reverses this Court's rulings in Case No. 12-13850 regarding the availability of certain methods of calculating actual damages, Plaintiff may only recover $1 in nominal damages from NSL. If so, Plaintiff could secure the judgment against NSL in the amount of $1 and could collect that $1, meaning Plaintiff would be unable to demonstrate that any purported fraudulent transfer of assets between NSL and the LD entities actually harmed Plaintiff. Consequently, Plaintiff would lack standing to bring this claim. On the other hand, if the Sixth Circuit concludes in Case No. 12-13850 that Plaintiff may recover from NSL more than nominal damages of $1, Plaintiff could re-assert this claim.

And as for Count X (Civil Conspiracy), the Parties may wish to stipulate to the entry of judgment in favor of Defendants because

(1) the LD entities could not conspire to circumvent a contract that ceased to bind NSL and Jones before the LD entities were created and (2) Plaintiff could have asserted this claim against NSL in Case 12-13850 based on a conspiracy between NSL and Jones, but chose not to.

If the Parties were to reach a stipulated judgment along the lines suggested here, the Court could enter a final order in this case, which would make it ripe for appeal to the Sixth Circuit. It may be that the Parties would desire to consolidate this case (for appeal purposes only) with any appeal in Case No. 12-13850 because a reversal in Case No. 12-13850 could require any judgment in this case to be vacated in part or in whole.

To summarize, the Court invites the Parties to consider the case-management course that the Court proposes here, and to respond as to whether, in order to expedite their appeal of this case and consolidate its appeal with Case No. 12-13850, they wish to stipulate to the dismissal of Count IX without prejudice, and to the entry judgment in favor Plaintiff and against NSL on Count I, in favor of the LD entities on Count I, in favor of all Defendants on Counts II-VIII and X.

Consequently, the Parties are hereby **ORDERED** to submit, by no later than 11:59 p.m. on July 14, 2017, briefs not exceeding

10 pages that (1) outline the Parties' views on the impact of the resolution of Case No. 12-13850 on this case (No. 16-11179) and (2) address the case-management course proposed in this Order. Plaintiff may file one brief, and Defendants may file one joint brief.

**SO ORDERED.**

Dated: June 28, 2017    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 28, 2017.

s/A. Chubb
Case Manager