UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C.          Case No. 2:16-cv-11179
f/d/b/a/ LIVING ESSENTIALS,          Hon. Terrence G. Berg

      Plaintiff,

v.

NUTRITION SCIENCE LABORATORIES,
      LLC, a Texas Limited liability Company a/k/a
      Lily of the Desert, Lily of the Desert Nutrition,
      Lily of the Desert Nutraceuticals, L.O.D.C.
      Group, Ltd. and L.O.D.C., Inc.;
L.O.D.C. Group, Ltd., a Texas partnership d/b/a Nutrition
      Science Laboratories, LLC, L.O.D.C., Inc., Lily
      of the Desert, Lily of the Desert Nutrition,
      and Lily of the Desert Nutraceuticals; and
L.O.D.C., Inc., a Texas Corporation d/b/a Nutrition
      Science Laboratories, LLC, L.O.D.C. Group, Ltd.,
      Lily of the Desert, Lily of the Desert Nutrition,
      and Lily of the Desert Nutraceuticals

      Defendants.
_____/

**PLAINTIFF'S BRIEF REGARDING DISPOSITION OF CASE
IN VIEW OF RESOLUTION OF CASE NO. 12-13850**

Pursuant to the Court's Order Proposing Course of Case Management and Requiring Briefing in View of Resolution of Case No. 12-13850 (2016 Dkt. 33), Plaintiff submits its view on the impact of the resolution of Case No. 12-13850 (the "2012 Case"), subject to Plaintiff's appeal, on this case (the "2016 Case").

1

Plaintiff also proposes the two case management procedures as set forth below.

**1.     The Impact of the Resolution of the 2012 Case on the 2016 Case**

This Court has already granted Summary Judgment in Defendants' favor as to Counts II and IV.  (2016 Dkt. 32) Thus, the only Counts at issue are I, III, and V through X, all of which have now also been resolved. The Court's orders and judgments in the 2012 Case, including the June 12, 2017 Opinion and Order on the parties' motions for summary judgment (2012 Dkt. 343) (the "Opinion and Order") and the June 26, 2017 Final Judgment (2012 Dkt. 377) (the "Final Judgment") resolved all of Plaintiff's claims in the 2016 Case.

*First*, Plaintiff has acknowledged that the resolution of its claims in the 2012 Case would be binding on its mirror claims in the 2016 Case as to Defendant Nutrition Science Laboratories, LLC ("NSL") and alleged alter ego claims of Defendants L.O.D.C. Group, Ltd d/b/a Nutrition Science Laboratories, LLC, Lily of the Desert, Lily of the Desert Nutrition, and Lily of the Desert Nutraceuticals, and L.O.D.C., Inc., d/b/a Nutrition Science Laboratories, LLC, Lily of the Desert, Lily of the Desert Nutrition, and Lily of the Desert Nutraceuticals (collectively "Lily").  *See* 2016 Dkt. 1 at, p. 3 and 2016 Dkt. 17, at pp. 8-9.  Therefore, Counts I, III, V, and VI in the 2016 Case have been resolved on the same basis as in the 2012 Case.

2

*Second*, Plaintiff's 2016 Case Count VII – Tortious Interference with Contract – has been resolved by this Court's finding in the 2012 Case that the duration of the Settlement Agreement is limited to August 17, 2009 to August 17, 2012.

*Third*, Plaintiff's 2016 Case Count VIII – Tortious Interference with Business Expectancy – has been resolved by this Court's finding in the 2012 Case that the Settlement Agreement is a valid contract.

*Fourth*, Plaintiff's 2016 Case Count IX – Fraudulent Transfer Under the Texas or Michigan Uniform Fraudulent Transfer Acts – has been resolved because there is no outstanding obligation or judgment that remains unpaid by Defendants.

Finally, Plaintiff's 2016 Case Count X – Civil Conspiracy – is resolved as it is not an independent cause of action and, instead, relies upon the existence of a valid underlying wrong.  Because all of the underlying wrongs Plaintiff has alleged have been resolved by this Court's orders and judgments in the 2012 Case, the Civil Conspiracy Count is resolved as well.

**2.      Plaintiff's Proposed Course of Case Management**

Plaintiff acknowledges the Court's proposed course of case management set forth in its June 28, 2017 Order (2016 Dkt. 33).  However, Plaintiff cannot stipulate to dismissals of its breach of contract and tortious interference claims as the Court proposes.  If Plaintiff voluntarily dismisses the 2016 case, Plaintiff runs a

risk that the statute of limitations could run on its independent claims against Lily.[1]

Nevertheless, Plaintiff shares the Court's general observation that the disposition of the claims in the 2012 Case resolves those in the 2016 Case. In order to maximize efficiency, judicial economy, and the parties' resources – while simultaneously avoiding confusion in the record and preserving Plaintiff's claims – Plaintiff proposes the following two options for case management.[2]

### A. Continue The Stay And Administratively Close the 2016 Case

Absent the proposed tolling agreement, Plaintiff believes that the most appropriate and straightforward of the case management procedures is for the Court to continue the stay of the 2016 Case and then administratively close the matter during the pendency of the appeal of the 2012 Case. This option would also provide the benefits of enabling the Court to move the 2016 Case off of its docket (albeit not by way of a dismissal), while neither triggering an appeal nor prejudicing Plaintiff's claims via the running of statutes of limitation.

---

[1] Further, Plaintiff notes that the June 28, 2017 Order suggesting a stipulated dismissal states that Lily was created in 2014 (*i.e.* two years after the 2012 date the Court held Defendant NSL ceased to be bound by Section 5.c.i. of the Settlement Agreement). (2016 Dkt. 33, pp. 3-4) In fact, the Lily of the Desert entities have been in business for decades.

[2] Plaintiff has contacted Defendants to discuss proposals for resolution of this matter. Plaintiff first offered to dismiss without prejudice and simultaneously enter into a tolling agreement to toll the running of statute of limitations on the claims. Defendants declined. Plaintiff also suggested a continued stay and administrative closure, which Defendants also declined.

Courts often choose to administratively close a case when a particular issue in that case is pending elsewhere and where continuing the litigation in the current forum could lead to conflicting results. *See e.g., League of Women Voters of Florida v. Browning, et al.,* Case No. 08-21243 (S.D. Fla Sept. 9, 2008) (administrative closure granted while interlocutory appeal was under consideration) (Exhibit 1);[3] *Corion Corp. v. Chen*, 964 F.2d 55, 57 (1st Cir. 1992) (court retains jurisdiction upon administrative closing of case pending arbitration results); *Radcliffe ex rel. Collins v. School Bd. of Hillsborough County, Fla*, 38 F. Supp. 2d 994, 1000 (M. D. Fla. 1999) (administratively closing case to permit exhaustion of administrative remedies); *Advance-United Expressways, Inc. v. C.R. Bard, Inc.*, 731 F. Supp. 499, 503 (N.D. Ga. 1990) (administratively closing a case pending request by one of the parties after completion of procedures before the Interstate Commerce Commission). "Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication." *Lehman v. Revolution Portfolio, LLC,* 166 F.3d 389, 392 (1st Cir. 1999); *see also Penn W. Assocs. Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004)("[A]n order merely directing that a case be marked closed

---

[3] When granting the administrative closure, the Court also expressly stated, among other things, that: (1) "The case may be reopened upon motion by any party upon completion of the interlocutory appeal"; and (2) "The administrative closing of this case shall not affect any rights of the parties in this, or any other, proceeding". (Exhibit 1, p. 4)

constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket."). Essentially, courts utilize this case management tool in order to "shelve pending, but dormant, cases." *Lehman*, 371 F.3d at 127.

Here, like in *League of Women Voters of Florida*, administrative closure is appropriate given that the parties have cross-appealed the companion 2012 Case to the Sixth Circuit. The result of the appeal of the 2012 Case will be outcome-determinative here. As this Court acknowledged when it stayed the 2016 Case pending resolution of the 2012 Case, it would be a waste of judicial resources to require that this case be actively litigated while the 2012 Case is on appeal. This is also true by requiring the parties to appeal the 2016 Case, while the 2012 Case is before the Sixth Circuit. There is no benefit to forcing the Sixth Circuit to hear both of these appeals at the same time, when the resolution of the 2012 appeal will be outcome-determinative of the 2016 Case. A proposed order is attached as Exhibit 2.

    **B.**    **Entry Of A Final Judgment Because The 2016 Case Has Been Resolved By The Judgments Entered In The 2012 Case**

For the reasons set forth above, the disposition of the 2012 Case has resolved the claims in the 2016 Case. If Defendants will not stipulate to tolling as described above and Plaintiff's proposed Order for Stay and Administrative

Closure is not entered, a final judgment should enter in the 2016 Case from which Plaintiff can appeal.  This final judgment would simply state that based upon the rulings in Case 2012, a final judgment is entered in Defendants' favor.

Respectfully submitted,

| | |
|---|---|
| **THE MILLER LAW FIRM, P.C.** | **OAKLAND LAW GROUP, PLLC** |

*/s/ Martha J. Olijnyk*_____
Martha J. Olijnyk (P60191)
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200; (248) 652-2852 fax
mjo@millerlawpc.com

Kevin J. Watts (P64852)
38955 Hills Tech Drive
Farmington Hills, MI  48331
(248) 536-3282;(248) 871-4062 fax

Dated:  July 14, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017, I electronically submitted the foregoing document using the ECF utilities system and sent notification of such submission to all attorneys of record.

                        Respectfully submitted,

                        **THE MILLER LAW FIRM, P.C.**
                        Attorneys for Plaintiff


                        By: */s/ Martha J. Olijnyk*_____
                        E. Powell Miller (P39487)
                        Martha J. Olijnyk (P60191)
                        950 West University Dr., Ste. 300
                        Rochester, MI 48307
                        (248) 841-2200
                        (248) 652-2852 fax
                        mjo@millerlawpc.com