# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

        Plaintiff,

v.

NUTRITION SCIENCE LABORATORIES, LLC, L.O.D.C. Group, Ltd, and L.O.D.C., Inc.

        Defendants.

Case No. 16-11179
Hon. Terrence G. Berg

## ORDER ENTERING JUDGMENT FOR DEFENDANTS

This case is a spin-off of *Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC, Nutrition Science Laboratories, LLC, and Alan Jones*, Case No. 12-13850. The claims in this case are identical in many respects to the claims in Case No. 12-13850. The Parties in Case No. 12-13850 recently submitted a stipulated judgment, which the Court has entered, that resolved the case for purposes of appeal only by entering judgment in favor of Defendants.

In view of the Parties' resolution of Case No. 12-13850, and considering the similarity between the resolved claims in that case and the claims in this case, the Court ordered the Parties to submit

briefing that outlined the Parties' views on the impact of the resolution of Case No. 12-13850 on this case, No. 16-11179.

Plaintiff proposed two options: (1) to administratively close the 2016 case or (2) to enter a final judgment in the 2016 case in Defendants' favor. Dkt. 34, Pg. IDs 1,281-1,284. For their part, Defendants proposed dismissing the 2016 case with prejudice. Dkt. 35, Pg. ID 1,303.

As a practical matter, both parties indicate that they agree that the 2016 case is effectively moot, and that they do not object to the Court entering a judgment in favor of Defendants. Dismissing the case with prejudice is not prudent because, should the Sixth Circuit reverse this Court's decisions in Case No. 12-13850, a dismissal with prejudice might have the effect of preventing Plaintiff from pursuing its fraudulent transfer claim or other claims against Defendants.

Administratively closing the case is not preferable because, as Plaintiff concedes, "[t]he Court's orders and judgments in the 2012 Case . . . resolved all of Plaintiff's claims in the 2016 Case," Dkt. 34, Pg. ID 1,279, and it does not make sense to refrain from entering a final judgment when there is nothing left for the Court to resolve. In support of the proposal to administratively close the case, Plaintiff submitted a number of cases in which a court administratively

closed a case while some portion of the case went to another decision-making authority. Dkt. 34, Pg. ID 1,282 (citing cases where a court administratively closed a case when (1) part of the case was on interlocutory appeal, (2) the case went to arbitration and the court retained jurisdiction to enforce the results, or (3) one of the parties needed to take action with an administrative agency before continuing the case). But here, no portion of the case is with another decision-making authority, so there is no reason for the Court to press "pause." As Plaintiff points out, administratively closing a case acts "to shelve pending, but dormant, cases." Dkt. 34, Pg. ID 1,283 (citing *Penn W. Assocs. Inc. v. Cohen*[1], 371 F.3d 118, 127 (3d Cir. 2004)). Here, as a consequence of the Court's orders in Case No. 12-13850, there is nothing left to shelve.

Consequently, the Court will enter judgment on the remaining claims in favor of Defendants. Let judgment be so entered.

**SO ORDERED.**

Dated:  July 17, 2017         s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites the case name as *Lehman v. Revolution Portfolio, LLC*, but then provides the Federal Reporter citation for *Cohen*— the correct case.

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 17, 2017.

s/A. Chubb  
Case Manager